IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

STACEY GRIFFIN, CARRIE BABB, JADA )
JOHNSON, NIKITA LOCKETT, MONICA )
MONIUSZKO, )
)
        Plaintiffs, )
)
v. )  No. 06 C 931
)
SUTTON FORD, INC., RICHARD MUHAMMED, )
and LOUIS MINTER, )
)
        Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs Stacey Griffin, Carrie Babb, Jada Johnson, Nikita Lockett, and Monica Moniuszko bring multiple Title VII and state law claims against defendants Sutton Ford, Inc. ("Sutton Ford"), Richard Muhammed, and Louis Minter. Sutton Ford has filed three motions to dismiss: (i) Counts IV, IX, XVI, and XXI (Assault and Battery) and Counts V, XII, and XXII (Intentional Infliction of Emotional Distress) under Federal Rule of Civil Procedure 12(b)(1); (ii) Count XX (Lockett's retaliation claim) under Rule 12(b)(6); and (iii) Counts XXIII and XXIV (Moniuszko's hostile work environment and retaliation claims) under Rules 12(b)(1) and (6). All three of Sutton Ford's motions are addressed herein.

I. Legal Standard

In assessing defendants' 12(b)(1) and (6) motions to dismiss, I must accept all well-pleaded facts in plaintiffs' complaint as

1

true. *Moranski v. Gen. Motors Corp.*, 433 F.3d 537, 539 (7th Cir. 2005); *Johnson v. Apna Ghar, Inc.*, 330 F.3d 999, 1001 (7th Cir. 2003) (citing *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). I must view the allegations in the light most favorable to the plaintiffs. *Id.* Dismissal under Rule 12(b)(6) is proper if the plaintiffs can prove no set of facts to support their claims. *First Ins. Funding Corp. v. Fed. Ins. Co.*, 284 F.3d 799, 804 (7th Cir. 2002).

II. Counts IV, IX, XVI, and XXI
(Assault and Battery) and
Counts V, XII, and XXII
(Intentional Infliction of Emotional Distress)

Sutton Ford moves to dismiss these counts as preempted by the Illinois Human Rights Act ("IHRA"). 775 ILCS 5/8-111(C). Common law torts are not preempted by the IHRA unless they are "inextricably linked" to the civil rights claim "such that there is no independent basis for the action apart from the Act itself." *Masimovic v. Tsogalis*, 177 Ill.2d 511, 517, 687 N.E.2d 21, 23 (Ill. 1997) *cited in Naeem v. McKesson Drug Co.*, 444 F.3d 593, 602 (7th Cir. 2006). Claims for assault, battery, and intentional infliction of emotional distress ("IIED") that rest solely on allegations of sexual harassment are preempted. *See Quantock v. Shared Mktg. Servs. et al.*, 312 F.3d 899, 902, 905 (7th Cir. 2002) (per curiam)(IIED claim preempted); *Thomas v. L'Eggs Prods., Inc.*, 13 F. Supp. 2d 806, 810 (C.D. Ill. 1998) (battery claim preempted).

"The distinction between claims that are preempted and claims that are not preempted turns on the legal duty that the defendant allegedly breached." *Naeem*, 444 F.3d at 604. The conduct at issue must be actionable independent of the IHRA. *See, e.g., id.* at 605 ("[plaintiff's] claim rests not just on behavior that is sexually harassing, but rather behavior that would be a tort no matter what the motives of the defendant").

Plaintiffs' state law claims against Sutton Ford are preempted by the IHRA. Illinois law dictates an employer is not liable for an employee's intentional torts, as these fall outside the scope of employment. *Wright v. City of Danville*, 174 Ill.2d 391, 404-05, 675 N.E.2d 110, 117-18 (Ill. 1996); *Lulay v. Parvin*, 359 Ill. App. 3d 653, 657, 834 N.E.2d 989, 993 (Ill. App. Ct. 2005). In this case, the sexual harassment provisions of the IHRA provide the duty that Sutton Ford is alleged to have breached. While Sutton Ford may have duties to protect its employees, aside from those arising under the IHRA, *see Young v. Lemons*, 266 Ill. App. 3d 49, 639 N.E.2d 610 (Ill. App. Ct. 1994) ("the tort of negligent hiring [or supervision] is distinct from that of respondeat superior"), this complaint identifies none. In other words, the assault, battery and IIED claims arise solely as a result of a duty imposed under the IHRA; therefore, these are "inextricably linked." *Maksimovic*, 177 Ill.2d at 514, 687 N.E.2d at 22 (plaintiff was able to establish the necessary elements of each tort independent of any

3

legal duties created by the IHRA when defendant restaurant was owned and operated by defendant tortfeasor). Accordingly, Sutton Ford's motion to dismiss Counts IV, V, IX, XII, XVI, XXI and XXII is granted.

### III. Count XX
### (Lockett's retaliation claim)

Defendant also moves to dismiss Lockett's retaliation claim for failure to exhaust administrative remedies through the filing of an EEOC charge specifically alleging retaliation. A plaintiff may bring a claim initially absent from her EEOC charge if: "(i) the claim is like or reasonably related to the EEOC charges, and (ii) the claim in the complaint could reasonably develop from the EEOC investigation into the original charges." *Cheek v. Western & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). At a minimum, establishing a reasonable relationship requires that the two claims involve the same conduct and the same individuals. *Id.* at 501. In determining whether allegations are beyond the scope of the EEOC charge, courts construe the administrative allegations liberally. *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 864 (7th Cir. 1985) (plaintiffs generally file charges with the EEOC pro se and cannot be expected to identify all possible legal theories and causes of action).

Lockett did not check the box on her EEOC charge indicating a retaliation claim. Her EEOC charge, attached as Exhibit 4 to the complaint, states in full:

> I began my employment with Respondent most recently in April 2005, and my most recent position was Sales Representative. From the beginning of my employment, I and other women were subjected to sexual harassment from co-workers and management. I repeatedly rejected this behavior and complained to management, but nothing was done. In addition, Respondent threw away my personal belongings.

Count XX of the complaint further alleges "Defendant confiscated and or converted her personal belongings from her desk," (Compl. § 196) and that "similarly situated employees who did not complain about sexual harassment were not subjected to such treatment." (Id. at § 197.)

Lockett's retaliation claim is reasonably related to the allegations in her EEOC charge. Read in the light most favorable to the plaintiff, Lockett's allegations establish a reasonable factual relationship among her claims. *See Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 168 (7th Cir. 1976) (requiring only that plaintiff, in layman's terms, state to the EEOC the "unfair thing that happened"). First, the complaint identifies a potential causal connection among the events described: her "complain[t] to management" triggered a retaliation in the form of conversion. Second, the complaint does not allege involvement of any unknown parties, instead identifying "management" and Sutton Ford and the alleged culprits.

Moreover, Lockett's claim could also have reasonably developed from the EEOC investigation. *See Cheek*, 31 F.3d at 500 (second part of test "is difficult to apply because it requires

speculation"). This claim does not involve different parties as those already identified in the charge, nor does it require additional investigation of the existing parties, as the EEOC was already aware of the incident as described in the charge. Accordingly, defendant's motion to dismiss Count XX is denied.

## IV. Counts XXIII and XXIV
### (Moniuszko's hostile work environment and retaliation claims)

Finally, Sutton Ford moves to dismiss both of Moniuszko's claims as time-barred. In Illinois, a complainant must file a charge with the EEOC or the appropriate state agency within 300 days of the alleged discriminatory act. 42 U.S.C. § 2000e-5. Failure to do so renders the charge untimely. *Filipovic v. K&R Express Sys., Inc.*, 176 F.3d 390, 396 (7th Cir. 1999). Thus, Moniuszko must allege that the hostile work environment (Count XXIII) and retaliatory termination (Count XXIV) occurred 300 days prior to January 12, 2005, the date of filing of Moniuszko's EEOC charge, attached to the complaint as Exhibit 5. The complaint does not contain such allegations, however, instead dating the conduct in question from March through May in 2003. (Compl. §§ 213-17, 222). These claims, therefore, are time-barred.

Moniuszko argues the single-filing rule revives her claims, by allowing her to piggyback her suit to those of other plaintiffs who filed timely charges. *Anderson v. Montgomery Ward & Co.*, 852 F.2d 1008, 1013 (7th Cir. 1988). Under the single-filing rule, a

plaintiff may be exempt from filing an EEOC charge if her claim "arises out of the same unlawful conduct" as those of other plaintiffs with timely filed charges. *Horton v. Jackson County Bd. of County Comm'rs*, 343 F.3d 897, 900 (7th Cir. 2003). However, the single-filing doctrine cannot revive a stale claim. The rule is "inapposite to time-barred claims [of former employees]" because employers are not on notice or afforded "an opportunity to conciliate[] the claims of long departed employees." *EEOC v. Harvey L. Walner & Assoc.*, No. 95-1355, 1995 U.S. Dist. LEXIS 11239, 1995 WL 470233, *4 (N.D. Ill. Aug. 7, 1995); *see also Movement for Opportunity & Equal. v. Gen. Motors Corp.*, 622 F.2d 1235, 1248 (7th Cir. 1980); *EEOC v. J.D. Street & Co. Inc.*, No. 05CV4186JPG, 2006 WL 839444, at *2 (S.D. Ill. Mar. 29, 2006); *Woodard v. Tower Auto Prods. Co., Inc.*, 00C50459, 2002 U.S. Dist. Lexis 19404, at *6, 2002 WL 31254659, at *2 (N.D. Ill. Oct. 8, 2002). Even in class actions, identified in *Horton* as the context for the most liberal application of the single-filing rule, 343 F.3d at 900, "only those [class members] who could have filed a charge at or after the time a charge was filed by the class representative can be included in the class." *Movement for Opportunity & Equal.*, 622 F.2d at 1248.

Here, the only other plaintiff who was employed by Sutton Ford during any period of Moniuszko's employment is Griffin. Griffin was employed from November 2002 through October 2004. She filed

7

her EEOC charge on November 29, 2004; Moniuszko's termination had taken place well over a year prior. Thus, the single-filing doctrine does not revive Moniuszko's claims. Accordingly, Counts XXIII and XXIV are dismissed.

## V. Conclusion

For the foregoing reasons, defendant's motions to dismiss Counts IV, V, IX, XII, XVI, XXI, XXII, XXIII and XXIV are granted. Defendant's motion to dismiss Count XX is denied.

**ENTER ORDER:**

*Elaine E. Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: September 15, 2006